UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GENAY L. AMERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS COLLEGE, MIKHAIL EDUCATION CORPORATION, a domestic corporation; PETER MIKHAIL, PRESIDENT OF MIKHAIL EDUCATION CORPORATION; DOES 1 through 10; ROE Entities 11 through 20, inclusive jointly and severally,<br><br>Defendants. | Case No. 2:24-cv-01589-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Extend Discovery (ECF No. 54). The Court considered the Motion and Plaintiff's Response (ECF No. 55).

Before embarking on a discussion of the merits of the Motion to Extend Discovery, the Court corrects what appears to be Defendants' misunderstanding regarding the Court's Order setting a due date for a response to Plaintiff's Second Amended Complaint. ECF Nos. 37, 41. The Court did not order Defendants to file any particular type of response; nor did the Court suggest the Second Amended Complaint was properly filed under the Federal or Local Rules of Civil Procedure. *Id*. The Court's Order also expressed no opinion on the viability of the claims asserted in Plaintiff's Second Amended Complaint. *Id*. Any representation suggesting the contrary is simply erroneous.

With respect to the Motion to Extend Discovery, Defendants ask the Court to set a discovery cutoff of "180 days" after "the date that Defendants are ordered to Answer Plaintiff's Amended Complaint following a ruling on the currently pending motions …." ECF No. 54 at 7. The currently pending motions include Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint and Plaintiff's Motion for Summary Judgment. ECF Nos. 45, 53. While it is unknown when these Motions will be decided by District Judge Boulware, given the Court's workload and that the Motion for Summary Judgment was just filed on March 16, 2025, Defendants' request is untenable as it

1

creates an open-ended period of discovery that is disfavored by the courts. *See Schafer v. Ashworth*, Case No. 2:06-cv-1259-MCE-DAD, 2007 WL 4365495, at *2 (E.D. Cal. Dec. 12, 2007)

To the extent Defendants are seeking either to conduct Federal Rule of Civil Procedure 56(f) discovery in response to Plaintiff's Motion for Summary Judgment or a stay of discovery pending the outcome of the Motion to Dismiss that may either dispose of this case or arguably result in a very different set of issues subject to discovery, Defendants do not address these standards either of which may be easily satisfied. What the Court cannot do is grant an extension of discovery and scheduling order that provides no scheduled dates by which specific tasks related to the case must be completed as this is contrary to Rule 1 of the Federal Rules and the Court's obligation to manage the docket in this case.

Accordingly, IT IS HEREBY ODERED that Defendants' Motion to Extend Discovery (ECF No. 54) is DENIED without prejudice.

IT IS FURTHER ORDERED that Defendants may seek a stay of discovery meeting the standard established in *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). This includes considering whether (1) the pending motion is potentially dispositive, (2) the potentially dispositive motion can be decided without conducting additional discovery, and (3) after taking a "preliminary peek" at the merits of the potentially dispositive motion, the Court is convinced Plaintiff will be unable to state a claim for relief. *Id.* at 602-03. Alternatively, Defendants may propose a specific extended discovery period and scheduling plan with cutoff dates.

Dated this 24th day of March, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE