UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GENAY L. AMERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS COLLEGE, MIKHAIL EDUCATION CORPORATION, a domestic corporation; PETER MIKHAIL, PRESIDENT OF MIKHAIL EDUCATION CORPORATION; DOES 1 through 10; ROE Entities 11 through 20, inclusive jointly and severally,<br><br>Defendants. | Case No. 2:24-cv-01589-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Extend Discovery (ECF No. 57). The Court considered the Motion and Plaintiff's Response (ECF No. 58).

Defendants seek a 90 day extension of deadlines to complete written and oral discovery (depositions) that may help narrow issues before this matter potentially goes to trial. Defendants believe Plaintiff agreed to this extension and that she has now rescinded her agreement. Plaintiff's Opposition to Defendants' Motion focuses on the substance of this case rather than on whether an extension of discovery is appropriate. The Court is not making any decision on the substance of the issues presented, but only on whether discovery is extended.

The Court has broad discretion when supervising the pretrial phase of cases on its docket. *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). This includes the Court's authority to manage discovery deadlines. *Id*. In this case, Defendants must demonstrate good cause for their request to extend discovery. United Stated District Court for the District of Nevada Local Rule ("LR") 26-3. Diligence is the hallmark of good cause. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Further, "when leave to amend is sought after the amendment deadline in the court's scheduling order has expired, the movant must also show … excusable neglect for the delay." *Bermuda Road Properties, LLC v. Ecological Steel Systems, Inc.*, Case No. 2:12-cv-

1

01579-JAD, 2015 WL 4603485, at *1 *citing* Fed. R. Civ. P. 6(b)(1)(B). *See also* LR 26-3. Excusable neglect is a balancing test based on four parameters including (1) prejudice to the opposing party, (2) the length of delay and potential impact on judicial proceedings, (3) the reason for delay and whether the delay was within the movant's control, and (4) whether the moving party is acting in good faith. *Pioneer Inv. Servs., Co. v. Brunswick Assocs., Ltd., P'ship*, 507 U.S. 380, 395 (1993)

Defendants demonstrate their diligence in conducting discovery including production of documents, responding to Requests for Admission and Interrogatories, and participating in Plaintiff's repeated motion practice regarding her document demand propounded on the Office for Civil Rights at the U.S. Department of Education. Plaintiff has also moved to amend her complaint to which Defendants responded, and Defendants have filed a motion to dismiss.

Defendants identify the discovery conducted to date, what remains to be conducted, and explains no depositions have occurred. Plaintiff has taken the position that Defendants have admitted all material facts rendering further discovery unnecessary. Plaintiff's position appears erroneous to the Court.

With respect to excusable neglect, the Court finds no evidence that Defendants have acted in bad faith. Defendants have not engaged in any act that suggests an improper purpose or that they have otherwise engaged in conduct demonstrating abuse of the litigation process. The reasons for delay in seeking the amendment was a combination of Plaintiff's motion practice and dependence on agreement to extend discovery that did not, in the end, materialize. While the case commenced in August 2024, Defendants have not caused delay in proceedings. *See* docket generally. The additional 90 days of discovery will not prejudice Plaintiff as she will have the same opportunity as Defendants to conduct depositions (if she so chooses) and engage in additional factfinding as she finds appropriate. The Court further finds the case will benefit from full discovery that will allow consideration of all claims on their merits. Finally, no pretrial order was submitted by the parties and, hence, no trial is set in this matter. Plaintiff did file a Motion for Summary Judgment before the close of discovery (ECF Nos. 53 *compare* 41). It is noteworthy that Defendants' Motion to Dismiss is also pending. ECF No. 45.

1    In sum, after considering all arguments raised, the history of this case with which the Court is familiar, and the breadth of discretion granted to the undersigned, the Court finds the 90 days extension of deadlines is appropriately granted. *Herbert v. Lando*, 441 U.S. 153, 177 (1979) ("The [Supreme] Court has more than once declared that the deposition-discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials."); *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996) ("Broad discretion is vested in the trial court to permit or deny discovery"); *Hubbard v. Thompson*, Case No. 2:11-cv-1568-JAM-AC-P, 2013 U.S. Dist. LEXIS 91150, at **6-7 (E.D. Cal. June 27, 2013) (referencing the Court's "broad discretion to manage discovery").

Accordingly, IT IS HEREBY ODERED that Defendants' Motion to Extend Discovery (ECF No. 57) is GRANTED.

IT IS FURTHER ORDERED that:

1. The new discovery cut off date is **June 29, 2025.**

2. The deadline for amendments has passed and is not reopened by this Order.

3. Initial experts, if any, must be disclosed no later than **April 30, 2025**. Disclosure of rebuttal experts must be made no later than **May 30, 2025**.

4. The deadline by which dispositive motions must be filed is **July 29, 2025**.

5. The deadline for filing the proposed joint pretrial order is **August 28, 2025**. In the event that one or more dispositive motion is pending on this date, the date for filing the proposed joint pretrial is automatically vacated and extended to 30 days after all dispositive motions are addressed through an order of the Court.

Dated this 31st day of March, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE