UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GENAY L. AMERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS COLLEGE, MIKHAIL EDUCATION CORPORATION, a domestic corporation; PETER MIKHAIL, PRESIDENT OF MIKHAIL EDUCATION CORPORATION; DOES 1 through 10; ROE Entities 11 through 20, inclusive jointly and severally,<br><br>Defendants. | Case No. 2:24-cv-01589-RFB-EJY<br><br>**ORDER** |

Before the Court is Defendants' Motion to Compel Responses to Discovery, Plaintiff's Opposition, and Defendants' Reply. ECF Nos. 79, 85, 89. Also pending is Defendants' Third Motion to Extend Discovery, Plaintiff's Opposition, and Defendants' Reply. ECF Nos. 95, 99, 103. The Motions, Oppositions, and Replies were reviewed by the Court.

**I.   Discussion**

   A.   <u>The Motion to Compel is Granted in Part and Denied in Part</u>.

A review of the parties' submissions show that subsequent to filing the Motion to Compel, Plaintiff responded (perhaps not fully) to Defendants' discovery requests. ECF No. 89. Nonetheless, Defendants' Reply makes clear that they continue to seek an order deeming the admissions propounded on Plaintiff admitted, as well as an award of attorney's fees arising from having to bring the Motion.

While it is true that under Fed. R. Civ. P. 36 Defendants' request for admissions propounded on Plaintiff could be deemed admitted as Plaintiff's responses were untimely, the Court finds relieving *pro se* Plaintiff from this outcome is appropriate. Fed. R. Civ. P. 36(a)(3). Although Plaintiff's *pro se* status does not exempt her from complying with the Rules of Civil Procedure and, therefore, timely responding to Defendants' discovery requests (*Crockett v. City of Torrance*, 2012

1

WL 6874724, at *4 (C.D. Cal. Nov. 21, 2012)), the district court has discretion to permit a late response to requests for admissions made under Rule 36 and relieve a party from this outcome. *French v. United States*, 416 F.2d 1149, 1152 (9th Cir. 1968). Relief is generally granted "when (1) the presentation of the merits of the action will be subserved, and (2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (internal quotation marks omitted). Here, Defendants' Motion states only that they "will be prejudiced because Plaintiff's failure to produce discovery or respond to interrogatories hinders their ability to depose the Plaintiff." ECF No. 79 at 5. Defendants make no mention of the late responses to admissions causing prejudice. *See id*., *generally*. Under the circumstances presented, including the nature of the admissions requested (ECF No. 79-1 at 25-27) and Defendants' failure to demonstrate prejudice, the Court exercises its discretion to excuse Plaintiff's late submission of her responses to the request for admissions.

Plaintiff must take note, however, that failure to cooperate with efforts to obtain clarification or adequate responses to discovery requests may result in sanctions, including, but not limited to, (i) imposing an adverse inference, (ii) finding some or all admission are admitted, (iii) limiting her ability to introduce evidence in the future, or (iv) striking of a claim or her complaint.

Lastly, the Court finds merit with respect to Defendants' request for $3,531 in fees for legal work associated with the Motion to Compel leading to Plaintiff's compliance. Under Federal Rule of Civil Procedure 37(a)(5)(A), when compliance with discovery occurs after a motion to compel is filed and the non-moving party has had the opportunity to respond, "the court must … require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." A review of Defendants' Motion demonstrates that Plaintiff's response to discovery occurred only after Defendants filed their Motion to Compel. Thus, an award of fees is granted.

After review, the Court finds the billing rates and time incurred in preparing the Motion are reasonable. ECF No. 79 at 7-8. Therefore, Defendants' request for fees is granted. However, the award is stayed pending the outcome of this dispute. *Boyd v. Etchebehere*, Case No. 1:13-cv-01966-

LJO-SAB (PC), 2017 WL 1278047, at **7-8 (E.D. Cal. Jan. 13, 2017); *cf Thomas v. Gerber Prods.*, 703 F.2d 353, 357 (9th Cir. 1983) (finding the district court "abused its discretion in selecting a sanction which imposed a requirement that the court was informed could not be performed").

    B.    <u>The Third Motion to Extend Discovery is Granted</u>.

Through the Motion to Compel (ECF No. 79) and Third Motion to Extend Discovery (ECF No. 95), Defendants identify all discovery conducted to date and establish good reason for the extension requested. Specifically, the Court finds Plaintiff's *pro se* status and clear lack of experience, understanding, and, at times, cooperation in the civil litigation process has slowed proceedings in this matter warranting an extension of the discovery and other deadlines. Thus, the close of discovery is extended to **September 29, 2025**. The deadline to amend pleadings and add parties has passed and is not reopened by this Order. The deadline for disclosing experts has expired and is not reopened by this Order. The deadline by which dispositive motions must be filed is **October 29, 2025**. The deadline for filing the proposed joint pretrial order is **December 5, 2025**; provided, however, if a dispositive motion is pending on this date, the date for filing the proposed joint pretrial order is automatically vacated and extended to 30 days after all dispositive motions are addressed through an order of the Court.

**II.    Order**

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Compel Responses to Discovery (ECF No. 79) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendants' Third Motion to Extend Discovery (ECF No. 95) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff **must** cooperate with efforts to obtain clarification or adequate responses to discovery propounded by Defendants and that failure to do so may result in sanctions including, but not limited to, (i) imposing an adverse inference, (ii) finding some or all admission are admitted, (iii) limiting her ability to introduce evidence in the future, or (iv) striking of a claim or her complaint.

3

IT IS FURTHER ORDERED that Defendants are awarded reasonable attorney's fees associated with bringing the Motion to Compel in the amount of $3,531.00, which award is stayed until the conclusion of this case.

IT IS FURTHER ORDERED that the deadline to complete all discovery date is **September 29, 2025**. The deadline for amendments to pleadings and to add parties has passed and is not reopened by this Order. The deadline for disclosing experts has expired and is not reopened by this Order. The deadline by which dispositive motions must be filed is **October 29, 2025**. The deadline for filing the proposed joint pretrial order is **December 5, 2025**; provided, however, if one or more dispositive motion is pending on this date, the date for filing the proposed joint pretrial order is automatically vacated and extended to 30 days after all dispositive motions are addressed through an order of the Court.

Dated this 23rd day of June, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE