UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GENAY L. AMERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS COLLEGE, MIKHAIL EDUCATION CORPORATION, a domestic corporation; PETER MIKHAIL, PRESIDENT OF MIKHAIL EDUCATION CORPORATION; DOES 1 through 10; ROE Entities 11 through 20, inclusive jointly and severally,<br><br>Defendants. | Case No. 2:24-cv-01589-RFB-EJY<br><br>**ORDER** |

Pending before the Court are Defendants' Motions for Sanctions (ECF Nos. 64, 90) along with their respective Oppositions and Replies. ECF Nos. 77, 81, 98. 104. The Court reviewed all of these documents. Defendants' Motion at ECF No. 64 primarily arises from and addresses Plaintiff's Motion for Summary Judgment (ECF No. 53). Defendants' Motion at ECF No. 90 primarily arises from and addresses Plaintiff's Motion for Preliminary Injunction (ECF No. 65), which was denied on May 6, 2025. ECF No. 82. Defendants' Motions for Sanctions are denied without prejudice and Plaintiff is warned regarding continued frivolous filings.

**I.  Discussion**

Defendants' arguments center on Plaintiff's court filing, which Defendants contend establish Plaintiff is in violation of Rule 11 of Federal Rule of Civil Procedure and properly found to be a vexatiousness litigant under 28 U.S.C. § 1927. Specifically, Defendants point to Plaintiff's Motion for Summary Judgment (sometimes the "MSJ") that appears to argue, at least in part, her mistaken belief that because Defendants' Motion to Dismiss treats the facts alleged by Plaintiff in her Complaint as true, Defendants have admitted all the wrongdoing Plaintiff alleges. Plaintiff is wrong. The law is clear that when a party files a motion to dismiss, that party **must *treat* all factual**

**allegations as true**.[1] This **does not mean** the party who files the motion—here Defendants—admits to or agrees with the accuracy of any facts stated by Plaintiff in her Complaint. Rather, Plaintiff is advised that this is a mandatory standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Horizon AG-Products v. Precision Systems Engineering, Inc.*, Case No. CIV 09-1109-JB/DJS, 2010 WL 4054131, at *1 n.2 (D. N.M. Sept. 28, 2010) (finding defendant treated the plaintiff's statements of facts "as true because it must for the purposes of its Motion to Dismiss," but doing so is "not an admission."). Plaintiff's continued assertion that Defendants have admitted all facts as she states them must stop as Defendants have not done so and the Court has not found Plaintiff has proven her case.

Defendants further contend (1) Plaintiff's MSJ is wholly unsupported by facts and law, and (2) was brought for an improper purpose; that is, "solely to increase the cost of litigation for Defendants." Defendants seek relief through reimbursement of their increased attorney fees in the amount of $26,451.00. ECF No. 64 at 12-13. Defendants further seek an admonishment of Plaintiff that "it will not allow continued frivolous filings to clutter its docket." *Id*. at 13-14.

Defendants' Second Motion for Sanctions, addresses Plaintiff's motion seeking a preliminary injunction (ECF No. 65). Here, the Court found Plaintiff's underlying action "arises from an alleged Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA") violation," while the motion for injunctive relief sought "monetary damages and injunctive relief related to Defendant's alleged hacking of her phone." ECF No. 82. Citing *Oncology, LLC v. Queens Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015), the Court held "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Id*. For this reason, the Court denied Plaintiff's request for a preliminary injunction. *Id*. Defendants seek relief in their Second Motion for Sanctions by once again requesting attorney's

---

[1] When considering a motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004). "However, the court is not required to accept legal conclusions cast in the form of factual allegation if those conclusions cannot reasonably be drawn from the facts alleged." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (quotation omitted). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* (quotation omitted).

2

fees (in the amount of $9,788.00), "and either termination sanctions or such sanctions a[s] … the Court believes will reign in Plaintiff and dissuade further frivolous filings." ECF No. 90 at 12.

      A.    <u>The Applicable Legal Standards</u>.

            *1.*    *28 U.S.C. § 1927*.

Section 1927 of United States Code 28 states: "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Before sanctions are properly granted under this code section, U.S. district courts must develop detailed factual findings regarding unreasonable and vexatious, bad faith conduct by a litigant. *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997); *see also Barnd v. City of Tacoma*, 664 F.2d 1339, 1343 (9th Cir. 1982) (remanding to the district court to either withdraw the personal sanctions or enter specific findings of fact on whether defense counsel acted in bad faith). While "[t]he district court has broad fact-finding powers with respect to sanctions, and its findings warrant great deference," the appellate court "must know to what … [it] defer[s]." *Primus*, 115 F.3d at 649 (internal citation and quotation marks omitted). Litigation "tactics undertaken with the intent to increase expenses, or delay, may … support a finding of bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989) (referring to 28 U.S.C. § 1927). The Ninth Circuit states: "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent"). *Id*. (internal citations omitted); *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001) ("Recklessness, when combined with an additional factor such as frivolousness, harassment, or an improper purpose, may support sanctions"). These standards are equally applicable to a *pro se* plaintiff. *Wages v. Internal Revenue Serv.*, 915 F.2d 1230, 1235-36 (9th Cir. 1990).

            *2.*    *Federal Rule of Civil Procedure 11*.

Federal Rule of Civil Procedure 11(b) provides that an attorney or *pro se* party is subject to sanctions under this Rule if he/she presents a "pleading, written motion, or other paper" to the Court that is for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," "the claims, defenses, and other legal contentions are [not] warranted by

3

existing law," "the factual contentions [do not] have evidentiary support," or if "denials of factual contentions are [not] warranted." "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction." Fed. R. Civ. P. 11(c)(1).

While a district court may impose Rule 11 sanctions against a *pro se* litigant, courts construe *pro se* filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1037 & n.13 (9th Cir. 1985). Further, the Court has "sufficient discretion to take account of the special circumstances that often arise in *pro se* situations." Adv. Comm. Notes to the 1983 amendment to Fed. R. Civ. P. 11. However, "Rule 11's express goal is deterrence: … litigants, proceeding at the expense of taxpayers, need to be deterred from filing frivolous lawsuits as much as litigants who can afford to pay their own fees and costs." *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994); *see also* Adv. Comm. Notes to the 1993 amendments to Fed. R. Civ. P. 11.

B.  28 U.S.C. § 1927 as Applied to Plaintiff's MSJ, Motion for Preliminary Injunction, and Prior Motion History.

In Defendants' first Motion for Sanctions, which appears prompted by the frustration of responding to Plaintiff's MSJ, they cite to six filings and two refusal to file by Plaintiff that Defendants label as frivolous. ECF No. 64. These filings include a motion to remand, a first amended complaint, an objection to a report and recommendation, an unauthorized second amended complaint, the MSJ, an opposition to a motion to extend discovery, a refusal to file a joint status report, and a second opposition to a motion to extend discovery. *Id.* at 5. In *Goolsby v. Gonzales*, Case No. 1:11-cv-00394-LJO-GSA-PC, 2014 WL 2330108, at *1-2 (E.D. Cal. May 29, 2014), the court found, "[u]nder federal law ... the mere fact that a plaintiff has had numerous suits dismissed against him is an insufficient ground upon which to make a finding of vexatiousness." In *Stringham v. Bick*, Case No. CIV S-09-0286 MCE DAD P, 2011 WL 773442, at *3 (E.D. Cal. Feb. 28, 2011), the court found the fact that the plaintiff filed more than five unsuccessful lawsuits in the preceding seven years was not so "numerous or abusive" or "inordinate" to warrant a vexatiousness determination. In *United States v. Johnsons*, despite several meritless motions that include, but were

4

1  not limited to, six "motion for sanctions against the Government on the basis that the Government
2  lacks standing," the court reiterated "its vexatious litigant warning." Case No. 3:09-cr-05703-DGE,
3  2024 WL 3253033, at **1-2 (W.D. Wash. July 1, 2024).
4       While Plaintiff has certainly demonstrated a penchant for bringing motions that lack merit,
5  refusing to cooperate in simple extension requests, and misunderstanding communications from
6  opposing counsel, the Court finds Plaintiff's conduct has not yet risen to the level that would support
7  the finding of vexatiousness. This is not to say the Court is without deep concern. In fact, the Court
8  takes note of the fact that Plaintiff's most recent filings—commencing on March 16, 2025 and ending
9  on May 14, 2024 (including the first Motion for Preliminary Injunction (ECF No. 65) that was denied
10 (ECF No. 82), the second Motion for Preliminary Injunction that remains pending (ECF No. 84),
11 Plaintiff's MSJ (ECF No. 53), and the first and second Motions to Stay Discovery (ECF Nos. 60,
12 87, neither of which addressed the standard required for such a stay, nor provided a factual basis for
13 a stay))—border on vexatious conduct as each motion appears or was found to be largely without
14 any merit and without regard to the legal standards applicable to such motion. Plaintiff's motions
15 also increase the cost of litigation and substantially burden the Court delaying its ability to address
16 more substantive issues that are pending in this case.
17      The Court is compelled to caution Plaintiff to abstain from frivolous filings—that is, filings
18 that ignore controlling law, misrepresent facts, and repeat arguments previously rejected by the
19 Court. Plaintiff has a Motion for Summary Judgment pending. Defendants' Motion to Dismiss is
20 also pending. And, Plaintiff now has a second Motion for Preliminary Injunction pending.
21 Discovery is not stayed. Plaintiff should focus on completing discovery. If Plaintiff continues to
22 file motions that fail to address applicable, well-settled legal concepts, fail to cite discernable facts
23 in support of the applicable law, and otherwise simply clog the Court's docket while increasing costs
24 to Defendants, the Court may find cause to recommend a declaration that Plaintiff is vexatious and
25 should be precluded from further filings with the Court absent express permission to do so.

C. <u>Rule 11 as Applied to Plaintiff's MSJ, Motion for Preliminary Injunction and Filing History</u>.

Defendants' Second Motion for Sanctions addresses Plaintiff's meritless Motion for Preliminary Injunction (ECF No. 65),[2] which the Court summarily denied. ECF No. 82. No attorney's fees were requested by Defendants when they opposed Plaintiff's Motion. *Id*. Nonetheless, the Court's Order denying the Motion for Preliminary Injunction makes clear it was without any merit—indeed, Plaintiff's first Motion for Preliminary Injunction if not delusional, bordered on that precipice. A review of this Motion may demonstrate Plaintiff's failure to understand the process in which she is engaged and, therefore, evidence an inability to proceed appropriately in this dispute. And, while Plaintiff's Motion for Preliminary Injunction, and overall meritless filings, may support the conclusion that Rule 11(b) has been violated and, thus, sanctions in the form of attorneys' fees, as a minimum, incurred by Defendants for responding to such filings could be awarded, this does not mean the Court should order such an award. *Smith v. Scalia*, 44 F.Supp.3d 28, 46 (D.D.C. 2014) ("[T]he fact that monetary sanctions can appropriately be assessed against a *pro se* party ... does not necessarily mean that they *should* be.") (Emphasis in original.)

While Plaintiff's *pro se* status is no excuse for wasting the opposing counsel's and Court resources through the repeated filing of frivolous motions, the Court gives Plaintiff this opportunity to cease her apparent misunderstanding and misuse of the Court's process. Plaintiff's claims are based on an alleged violation of the Americans with Disabilities Act. The ADA provides Plaintiff with a cause of action, but that cause of action is not a license for Plaintiff to raise wholly unrelated claims and fantastic allegations of wrongdoing that have nothing to do with the actual ADA claims she alleges in her case. Plaintiff must confine her filings to the issues she has raised before the Court. Continued frivolous and/or unrelated motion practice by Plaintiff may result in awards of attorneys' fees in favor of Defendants and other sanctions including, ultimately, a striking of Plaintiff's operative Complaint.

---

[2] Defendants also point to Plaintiff's filings after she was provided a draft of the Rule 11 Motion. ECF No. 90 at 6.

6

## II. Order

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Defendants' Motion for Sanctions (ECF No. 64) and Second Motion for Sanctions (ECF No. 90) are DENIED, without prejudice.

Dated this 27th day of June, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE