UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GENAY L. AMERSON,<br><br>    Plaintiff,<br><br>v.<br><br>LAS VEGAS COLLEGE, et al.,<br><br>    Defendants. | Case No. 2:24-cv-01589-RFB-EJY<br><br>**ORDER** |

Pending before the Court are Defendants' two Motions to Compel responses to discovery (ECF Nos. 105, 106), one of which also seeks sanctions (ECF No. 106). The Court reviewed the filings related to these Motions and finds as follows.

**I.    Relevant Procedural History**

Plaintiff, proceeding pro se, initiated this action in state court on August 5, 2024, asserting five claims arising from alleged disability discrimination while attending Las Vegas College. ECF No. 1. Defendants timely removed this case to federal court and filed their Answer on September 9, 2024. ECF Nos. 1, 9. Defendants filed a partial Motion to Dismiss on February 18, 2025, conceding that some of Plaintiff's claims were sufficiently pleaded, while arguing the remaining claims should be dismissed with prejudice. ECF No. 45. Plaintiff filed a Motion for Summary Judgment on March 16, 2025, under the mistaken belief that Defendants, by accepting certain claims were sufficiently pleaded so as to survive a Motion to Dismiss, had admitted to the factual allegations on which those claims were based. ECF No. 53.

On April 4, 2025, Plaintiff filed a Motion to Stay Discovery pending resolution of her Motion for Summary Judgment in which she argued that by filing a Motion to Dismiss Defendants had "waiv[ed] their rights to completion of discovery." ECF No. 60 at 10. The Court denied this Motion on April 7, 2025. ECF No. 62. After filing two Motions for Preliminary Injunction (ECF Nos. 65, 84), Plaintiff filed a renewed Motion to Stay Discovery on May 14, 2025. ECF No. 87. This renewed Motion was also denied. ECF No. 107 (entered on June 24, 2025).

1

On April 29, 2025, Defendants filed a Motion to Compel Discovery and Deem Requests for Admissions Admitted (the "April Motion") averring Plaintiff failed to respond to any discovery requests.[1] ECF No. 29. In her Opposition, Plaintiff included responses to the relevant discovery requests at issue. ECF No. 85. On June 23, 2025, the Court granted Defendants' April Motion in part, finding Plaintiff's subsequent responses in her Opposition obviated the need to deem Defendants' propounded admissions admitted, but nonetheless ordering Plaintiff to "cooperate with efforts to obtain clarification or adequate responses to discovery propounded by Defendants[.]" ECF No. 108 at 3.

Prior to the Court issuing its June 23, 2025 Order, Defendants filed the two instant Motions to Compel Discovery. ECF Nos. 105 (Defendants' "Second Motion to Compel"), 106 (Defendants' "Third Motion to Compel"). In Defendants' Second Motion to Compel, they argue Plaintiff's responses to Set One of their discovery requests are inadequate and that Plaintiff refuses attempts to meet and confer regarding further responses. ECF No. 105. In the Third Motion to Compel, Defendants contend Plaintiff refuses to respond to Set Two of discovery or engage in meet and confer efforts. ECF No. 106. In both Motions, Defendants aver Plaintiff refuses to provide a phone number at which she may be contacted, albeit recognizing her prior phone was lodged with the Court as evidence in support of her Motion for Summary Judgment. ECF Nos. 105 at 24-25; 106 at 7.

Plaintiff filed a single, mostly incomprehensible, Response to Defendants' Second and Third Motions to Compel while nonetheless reasserting her belief that filing her Motions for Preliminary Injunction and Summary Judgment "supersedes" her obligation to respond to Defendants' discovery requests. *See generally* ECF No. 113. Defendants' Replies demonstrate further attempts to meet and confer were made after the Court granted their April Motion, but that Plaintiff refuses to participate in such efforts. ECF Nos. 116, 227.

---

[1] In the instant Motions to Compel, Defendants refer to the discovery requests at issue in their April Motion, as well as what is effectively at issue in the Second Motion to Compel (ECF No. 105), as "Set One," while the discovery at issue in what in the Third Motion to Compel (ECF No. 106) is referred to as "Set Two." ECF No. 105 at 3.

2

II.     Discussion

District Courts have broad discretion to control the scope of discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case, with proportionality determined by reference to several factors including "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Once discovery requests are propounded, an evasive or incomplete response is treated as a failure to respond. *Buchanan v. Las Vegas Metro. Police Dep't*, Case No. 2:11-cv-00271-RCJ-GWF, 2012 WL 1640516, *1 (D. Nev. May 9, 2012). The party seeking to avoid discovery bears the burden of explaining why discovery should be denied. *U.S. E.E.O.C. v. Caesars Entertainment*, 237 F.R.D. 428, 432 (D. Nev. 2006).

A.      The Second Motion to Compel.

Defendants' Second Motion to Compel is mooted in part by the Court's June 23 Order (ECF No. 108) granting their April Motion as these Motions concern "Set One" of Defendants' discovery requests. However, the Court finds Plaintiff's responses remain incomplete and her refusal to participate in meet and confer efforts is, at best, unwise as this may lead to sanctions.

In the Second Motion to Compel Defendants argue several of Plaintiff's responses to the propounded interrogatories provided with her Response to the April Motion (ECF No. 85) are improper. ECF No. 105 at 7-20. The Court agrees as the referenced responses direct Defendants to Plaintiff's operative Complaint or a previously produced discovery packet. *Id.* Defendants also contend Plaintiff responded to several Requests for Production by listing documents she has not produced. *Id.* at 20-24. The Federal Rules of Civil Procedure require Plaintiff to **actually produce** (this means to send Defendants legible copies) all documents responsive to each request for production or provide specific objections; Plaintiff cannot simply list the documents. Fed. R. Civ. P. 34(b)(2)(B).

Further, the Court takes the opportunity to emphasize, again, that "Plaintiff **must** cooperate with efforts to obtain clarification or adequate responses to discovery propounded by Defendants and that failure to do so may result in sanctions[.]" ECF No. 108 at 3. Plaintiff, who brought this lawsuit, has a duty to participate in discovery—including providing, to the best of her knowledge,

1  meaningful responses to interrogatories and requests for production.  Failure to provide information
2  in discovery may lead to Plaintiff's inability to use information (whether through testimony or
3  documents) in opposition to summary judgment or at trial.  Fed. R. Civ. P. (c)(1).  Though Plaintiff
4  may refer to previously disclosed materials, she must do so with specificity—not by simply referring
5  to information allegedly produced without guidance as to which documents Plaintiff is referring.
6  The lack of such specificity renders Plaintiff's answers non-responsive under the meaning of Fed.
7  R. Civ. P. 37(a)(4).  *Buchanan*, 2012 WL 1640516, at *1.

8  The above said, Plaintiff's response to Special Interrogatory 13 does provide a list of
9  instances of alleged retaliation, but Plaintiff did not provide the dates requested.  ECF No. 105 at 13.
10 Because Plaintiff's Opposition is mostly incomprehensible, it is impossible to determine whether
11 this was an evasive response or whether Plaintiff simply could not recall more specific dates.  Of
12 course the Court "cannot compel a party to produce documents or information [s]he genuinely does
13 not possess."  *Walls v. CoreCivic, Inc.*, Case No. 2:14-cv-02201-KJD-PAL, 2018 WL 11409450, at
14 *4 (D. Nev. Mar. 20, 2018).  Therefore, while the Court cautions Plaintiff that she must provide full
15 and complete responses to each individual interrogatory to the best of her knowledge, if she does
16 not know and cannot access the information requested, she must state so in her response.

17 Finally, there are several requests to which Plaintiff seems to object on relevance grounds.
18 In response to Special Interrogatories 17-20, which seek information related to Plaintiff's allegations
19 that Defendants interfered with her Social Security benefits and employment with United Parcel
20 Service, Plaintiff states that these requests are immaterial to her claims in the operative Complaint.
21 ECF No. 85 at 11-12.  A review of the operative Complaint confirms that none of Plaintiff's claims
22 involve allegations related to Social Security or employment at UPS.  *See generally* ECF No. 37.
23 Nonetheless, Defendants argue that such information is relevant under FRCP 26 because Plaintiff
24 includes such allegations in her repeated Motions for Preliminary Injunction, suggesting she intends
25 to raise her Social Security and UPS employment issues at trial.  ECF No. 105 at 16-20.

26 In this instance, Plaintiff has a choice.  She must either (1) state affirmatively, in a filing
27 before the Court, that she is not raising claims related to Social Security or her UPS employment in
28 this lawsuit, and that no such claim will be raised in motion practice or at trial—in which case

4

Plaintiff need not respond to interrogatories or document requests pertaining to these subject matters, or (2) respond to the discovery requested given Plaintiff's history of alleging wrongful conduct by Defendants.

  B. <u>The Third Motion to Compel</u>.

Defendants' Third Motion to Compel (ECF No. 106) show Plaintiff has refused to respond to Defendants' discovery request in "Set Two." Exhibits to the Third Motion demonstrate Plaintiff believes she is not required to respond to discovery requests until her pending Motion for Summary Judgment and Motion for Preliminary Injunction are resolved.[2] ECF No. 106-1 at 29-33.

As the Court previously explained, filing of a dispositive motion—any dispositive motion—does not automatically stay discovery or alleviate Plaintiff's obligations under Rule 26(b). *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The Court has twice denied motions by Plaintiff seeking to stay discovery pending resolution of her Motion for Summary Judgment. ECF Nos. 62, 107. Plaintiff's Motion for Summary Judgment is not based on the type of purely legal questions that can be resolved without completion of discovery, but instead asserts factual conclusions while providing no evidentiary support. *See generally* ECF No. 53. Further, Defendants will be denied a meaningful opportunity to defend against Plaintiff's claims unless she cooperates with discovery.

The Court grants Defendants' Third Motion to Compel. Plaintiff must provide full and complete responses to Set Two of Defendants' propounded discovery requests. Plaintiff is cautioned that any further refusal to comply with discovery will result in sanctions up to and including a recommendation to dismiss Plaintiff's Second Amended Complaint.

  C. <u>Plaintiff's Contact Information</u>.

Defendants seek an order from the Court directing Plaintiff to provide a current phone number at which she may be contacted regarding this case. ECF Nos. 105 at 24; 106 at 7. The Court shares Defendants' skepticism that Plaintiff has no phone number at which she can be reached. And,

---

[2] Although Plaintiff at times refers to "JMOL" under FRCP 50, her various comments throughout the attached email chain and prior filings on the docket make clear Plaintiff is referencing her belief that she is entitled to judgment as a matter of law through her Motion for Summary Judgment, not that she intends to file a separate Rule 50 Motion. ECF No. 106-1 at 29-33; ECF No. 92.

the Court notes, Plaintiff has not provided any statement or declaration stating this is the case. The Court grants Defendants' Motions such that Plaintiff must either provide a current phone number at which counsel for Defendants may contact her or file a declaration stating, under penalty of perjury, that she does not have access to any phone on which she can be contacted.

D. Attorney's Fees

In their Third Motion to Compel, Defendants requested an award of attorney's fees in the amount of $7,161 based on the estimated time it would take to fully brief their Second and Third Motions to Compel, and prepare for oral argument, together with the time spent attempting to conduct meet-and-confers. ECF No. 106 at 8-9. However, in their Reply, Defendants halve their request (albeit it is unclear why) to $3,080.50. ECF No. 117 at 4. The Court notes that Defendants include a request for the same amount in their Reply to their Second Motion to Compel, ECF No. 116 at 4; however, Defendants' Second Motion to Compel did not include a request for attorney's fees. *See generally* ECF No. 105. Defendants may not include a request for relief in a Reply that was not raised in their original Motion.

Defendants' request for attorney's fees appearing in the Reply in Support of the Second Motion to Compel is denied. However, Defendants' request for attorney's fees appearing in the Third Motion to Compel is directed towards a separate set of discovery requests to which Plaintiff repeatedly refused to answer based on flawed reasoning the Court addressed in prior orders. The Court therefore grants Defendants' request for attorney's fees in the amount of $3,080.00, which amount is stayed pending the resolution of this matter.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Compel Further Responses (ECF No. 105) is GRANTED in part and DENIED in Part. Plaintiff **must** provide full and complete responses to Special Interrogatories 5-8, 13-14 and 16, and produce all responsive documents to Requests for Production 2 and 4.

IT IS FURTHER ORDERED that with respect to Special Interrogatories 17-20 and requests to produce documents related to these interrogatories, Plaintiff **must**, no later than **August 29, 2025**, either state affirmatively, in a filing before the Court, that she is not raising claims related to Social

Security or her UPS employment and that no such claims will be raised in future motion practice or at trial—in which case Plaintiff need not respond to these interrogatories or related document requests—or Plaintiff must respond to the discovery requested

IT IS FURTHER ORDERED that Defendants' Motion to Compel Responses to Discovery and Sanctions (ECF No. 106) is GRANTED.  Plaintiff **must** respond to Set Two of Defendants' propounded discovery requests no later than **August 29, 2025**.

IT IS FURTHER ORDERED that Plaintiff **must**, no later than **August 29, 2025**, provide Defendants with a current phone number at which she may be reached to facilitate future meet-and-confers or file a declaration, under penalty of perjury, stating that she does not have access to any phone on which she may be contacted.

IT IS FURTHER ORDERED that Defendants are awarded reasonable attorney's fees associated with bringing the Third Motion to Compel (ECF No. 106) in the amount of $3,080.00, which award is stayed until the conclusion of this case.

IT IS FURTHER ORDERED that further refusal to participate in discovery will result in additional sanctions up to and including a recommendation to dismiss Plaintiff's Second Amended Complaint with prejudice.

Dated this 7th day of August, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE