# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GENAY L. AMERSON,<br><br>    Plaintiff,<br><br>v.<br><br>LAS VEGAS COLLEGE, *et al.*,<br><br>    Defendants. | Case No. 2:24-cv-01589-RFB-EJY<br><br>**ORDER** |

    Before the Court are several pending motions, including: the Report and Recommendation of the Honorable Elayna J. Youchah (ECF No. 31), United States Magistrate Judge, addressing Plaintiff's Motion for Leave to File (ECF No. 27); Defendants' Motion to Dismiss (ECF No. 45); Plaintiff's Motion for Summary Judgment (ECF No. 53); and Plaintiff's Motion for Preliminary Injunction (ECF No. 84). For the following reasons, the Court accepts and adopts the Report and Recommendation in part, grants the Motion for Leave to File in part, and grants Defendants' Motion to Dismiss in part. The Court denies the Motion for Summary Judgment and Motion for Preliminary Injunction.

## I.    PROCEDURAL HISTORY

    This action arises from alleged discriminatory and retaliatory conduct experienced by *pro se* Plaintiff Genay L. Amerson while she was a nursing student at Las Vegas College from February to August of 2022. Ms. Amerson originally filed her complaint against the Defendants in state court. See ECF No. 1. On August 27, 2024, Defendants Nevada Career Education, Inc. dba Las Vegas College ("LVC"), Mikhail Education Corporation ("MEC"), and Peter Mikhail removed the matter to federal court, attaching Plaintiff's complaint. See id. Defendants answered

the Complaint on September 9, 2024. See ECF No. 9. On November 25, 2024, Plaintiff filed a motion for leave to amend and attached a proposed First Amended Complaint ("proposed FAC"). See ECF Nos. 27, 27-2. In the proposed FAC, Plaintiff states nine causes of action and added two individual defendants: David Dalbow and Sal Younis. See ECF No. 27-2. On December 9, 2024, Defendants responded to the Motion for Leave. See ECF No. 28. In their response, Defendants recognize Plaintiff's general right to amend but urge the Court to address portions of the proposed FAC which are futile as a matter of law. See id. On December 20, 2024, Magistrate Judge Youchah granted leave to amend in part "such that Plaintiff's causes of action under Title III of the ADA and Section 504 of the Rehabilitation Act may proceed" against LVC and MEC. See ECF No. 31. Judge Youchah dismissed the rest of the claims in the proposed FAC with leave to amend, or recommended dismissal with prejudice. See id. Plaintiff timely objected on January 3, 2025. See ECF No. 32. On January 15, 2025, Defendant responded to Plaintiff's objection. See ECF No. 36. On January 21, Plaintiff filed a second amended complaint. See ECF No. 37.

On January 6, 2025, Plaintiff filed a motion to compel, see ECF No. 33, which was denied. See ECF No. 34. On January 9, Plaintiff filed another motion to compel. See ECF No. 35. On February 11, Plaintiff filed a proposed discovery plan. See ECF No. 39. Judge Youchah granted the discovery plan in part. See ECF No. 41. In a status conference on February 18, Judge Youchah denied Plaintiff's second motion to compel as moot. See ECF No. 44.

On February 18, 2025, Defendants filed a motion to dismiss. See ECF No. 45. On February 23, Plaintiff filed a third motion to compel, see ECF No. 48, which was denied. See ECF No. 49. On March 5, Plaintiff filed a response to the Motion to Dismiss. See ECF No. 50. Defendant filed a reply on March 7. See ECF No. 52. Plaintiff filed a motion for summary judgment on March 16. See ECF No. 53. Defendants responded on April 7. See ECF Nos. 63. Defendants filed a motion for sanctions on April 10. See ECF No. 64. Plaintiff filed a motion for preliminary injunction on April 15. See ECF No. 65. Plaintiff responded to the Motion for Sanctions on April 23. See ECF No. 77. Defendants filed a motion to compel on April 29. See ECF No. 79. Defendants also responded to the Motion for Preliminary Injunction, see ECF No. 80, and replied to the Motion for Sanctions. See ECF No. 81. In a Minute Order on May 6, the Court denied the Motion for

1  Preliminary Injunction. See ECF No. 82. On May 7, Plaintiff filed another Motion for Preliminary
2  Injunction. See ECF No. 84. On May 19, Defendants filed a second motion for sanctions. See ECF
3  No. 90. On June 18, Defendants filed two Motions to Compel. See ECF Nos. 105, 106. On June
4  23, Judge Youchah granted in part and denied in part Defendants' first Motion to Compel. See
5  ECF No. 108. On June 26, Plaintiff filed an objection. See ECF No. 109. On June 27, Judge
6  Youchah denied Defendants' two Motions for Sanctions. See ECF No. 110.

7  The Court's Order follows.

9  **II.    FACTUAL ALLEGATIONS**

10  The following facts are taken from the Amended Complaint. Plaintiff alleges that she was forced to learn in a hostile educational environment while she was a nursing student at Las Vegas College, that Defendants intentionally discriminated and retaliated against her, failed to honor their contractual agreements to reasonably accommodate her, and wrongfully terminated her from the nursing program as retaliation.

15  More specifically, Plaintiff alleges that on September 22, 2021, Plaintiff and Las Vegas College signed a reasonable accommodation agreement wherein Plaintiff would receive reading materials and a course syllabus a week before each quarter was set to begin. Plaintiff did not receive these materials a week before Quarter I, Quarter II, Quarter III, Quarter IV, and Quarter V. Plaintiff attended nursing school for ten months without receiving her accommodations.

20  Plaintiff filed a disability discrimination complaint on February 13, 2022, against Susan Holm, the Director of Las Vegas College's Nursing Program. She states that students were interfering with her ability to participate in her education. Holm suggested she rescind her complaint and suggested that Plaintiff find a way to hide her disabilities. On February 14, Plaintiff responded that she could not control her "disability ticks."

25  On February 14, 2022, an instructor, Amanda Bognar, referred to Plaintiff as a "bad apple" during a lecture. On February 24, Bognar downgraded Plaintiff's midterm grade. On March 1, 2022, she locked Plaintiff out of her simulation lab. On March 2, David Bolbow, the Director of Las Vegas College, instructed Bognar to cease harassing Plaintiff. On March 3, Bognar threatened

to remove Plaintiff from the program. On March 3, Plaintiff reported this threat to Dolbow. On March 22, Bognar and Chance Ewing, the content administrator responsible for providing Plaintiff with the materials and course syllabi, ambushed Plaintiff in Ewing's office. Ewing filed an erroneous Code of Conduct complaint against Plaintiff. Brandon Murphy, an instructor, attempted to fail Plaintiff in retaliation for her filing a disability discrimination complaint against the administration. In July, Plaintiff filed a formal appeal to challenge the F grade Murphy gave her. The Appeals Committee raised her grade to a C but failed to award Plaintiff credit for five assignments. Additionally, all of Plaintiff's classes were stacked into one 12-hour day instead of being spread out throughout the week. Another instructor, Terry Kelly-Lamb, also referred to Plaintiff's bad behavior in an online course. Plaintiff's access to the school portal was terminated prior to the end of the quarter, impeding Plaintiff from completing her assignments.

On August 3, 2022, Las Vegas College terminated her from the Nursing Program for having a positive drug test result on April 20. Plaintiff had disclosed her medical cannabis use to Holm on February 14. On April 20, Plaintiff was told by Holm that she tested positive for marijuana and in order to continue in the nursing program she had to submit her prescriptions for medical marijuana. Plaintiff was granted an administrative override per the college's substance abuse policy and procedures. The college also falsified grades on Plaintiff's official transcript.

### III.     LEGAL STANDARDS
#### A.     Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give leave [to amend a pleading] when justice so requires," and there is a strong public policy in favor of permitting amendment. See Bowles v. Reade, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of amendment; and (5) whether the plaintiff has previously amended their complaint. See id. at 1052. The factors do not weigh equally; as the Ninth Circuit has explained, prejudice

- 4 -

receives the greatest weight. See id. Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. See id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186–87 (9th Cir. 1987)).

### B.   Report and Recommendation

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. See id. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.; see also Local Rule IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct "any review," *de novo* or otherwise, of the report and recommendations of a magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149 (1985). Plaintiff timely objected to the instant Report and Recommendation on January 3, 2025. As such, the Court conducts a *de novo* review.

### C.   Motion to Dismiss

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Id. at 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct

alleged." Id. at 678 (citation and internal quotation marks omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

### IV. DISCUSSION

Plaintiff filed a motion for leave to amend her complaint. See ECF No. 27. Judge Youchah issued a Report and Recommendation denying some of her claims. See ECF No. 31. Plaintiff objected. See ECF No. 32. She then filed an amended complaint. See ECF No. 37. Defendants filed a motion to dismiss the SAC. See ECF No. 45. Plaintiff later filed a motion for summary judgment and a motion for a preliminary injunction. See ECF Nos. 53, 84. The Court will first consider the Motion for Leave, and the Report and Recommendation, before turning to the Motion to Dismiss. The Court will then consider Plaintiff's Motions for Summary Judgment and Preliminary Injunction.

#### A. Leave to Amend and Report and Recommendation

In Plaintiff's complaint, she brought the following causes of action: (1) Violation of 42 U.S.C. Section 1211, et seq., and NRS 613.310 – Failure to Accommodate; (2) Retaliation; (3) Discrimination against a Disabled Person; (4) American with Disabilities Act 1990; and (5) 42 SCA 12101 ADA Section Findings and Purpose. In her motion for leave to file an amended complaint, Plaintiff sought to replace her first claim with a claim pursuant to ADA 42 USC 12182 and ADA Title III. She sought to replace her second claim for retaliation with a claim under Section 504 of the Rehabilitation Act. She sought to change her third claim from discrimination to a claim under the Fifth and Fourteenth Amendments. She sought to change her fourth claim from an ADA claim to "document fraud." She sought to change her fifth claim from another ADA claim to "conspiracy and retaliation against Plaintiff." Finally, she sought to add further claims: (6) Intentional Infliction of Emotional Distress, and (7) Breach of Contract. In th Report and Recommendation on the Motion for Leave to Amend, Magistrate Judge Youchah considered each

claim.

### i. *Plaintiff's first cause of action – ADA claims.*

First, Judge Youchah recommended that Plaintiff's claims under Title II of the ADA be dismissed with prejudice. Judge Youchah granted Plaintiff's motion for leave to amend her complaint as to her claim under Title III of the ADA against Defendants Las Vegas College and Mikhail Education Corporation. Judge Youchah denied her Title III claim against the Individual Defendants without prejudice.

Though Plaintiff raises it in her introduction, rather than the section titled "objections," Plaintiff contests the dismissal of her claim under Title II of the ADA. Title II of the ADA states: "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. An ADA violation is established where a plaintiff proves that: "(1) [s]he is a 'qualified individual with a disability;' (2) [s]he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of h[er] disability." Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001) (citing Weinreich v. L.A. Cnty. Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997)).

The Court finds that Plaintiff fails to state a claim under Title II of the ADA against Las Vegas College, Mikhail Education Corporation, and the Individual Defendants because none are public entities. Title II provides for liability only against public entities, which it defines as: "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority . . . ." 42 U.S.C. § 12131. The Defendants in this action do not fall within this definition. Therefore, this claim is dismissed with prejudice.

Plaintiff did not object to the dismissal of her Title III claim against the Individual Defendants and the Court adopts the Report and Recommendation's findings as to this claim.

### ii. *Plaintiff's second cause of action - Rehabilitation Act § 504.*

Next, Judge Youchah recommended dismissal of Plaintiff's claims against the Individual Defendants under Section 504 of the Rehabilitation Act.

Plaintiff objects to the dismissal her failure-to-reasonably-accommodate claim under Section 504 of the Rehabilitation Act. Plaintiff appears to be under the assumption that the Report and Recommendation dismissed with prejudice her entire Rehabilitation Act claim. However, it only dismissed the claim as alleged against the Individual Defendants. The Court agrees with Judge Youchah: Section 504 of the Rehabilitation Act does not provide for individual liability. See Becker v. Or., 170 F.Supp.2d 1061, 1067 (D. Or. 2001) (compiling reported cases which have held that "because individuals do not receive financial assistance for purposes of the Rehabilitation Act, there is no individual liability").

Plaintiff does not object to the dismissal of a claim under Section 508 of the Rehabilitation Act, and the Court adopts the Report and Recommendation's dismissal of this claim with prejudice.

### iii. *Plaintiff's third, fourth, and sixth causes of action – Fifth and Fourteenth Amendments, document fraud, and intentional infliction of emotional distress.*

Next, Judge Youchah recommended dismissal of Plaintiff's Fifth Amendment and document fraud claims with prejudice, and she recommended dismissal of Plaintiff's Fourteenth Amendment and intentional infliction of emotional distress ("IIED") claims without prejudice. Plaintiff did not object to the dismissal of these claims. The Court has reviewed Judge Youchah's reasoning along with the corresponding allegations. The Court does not find any of the Report's factual determinations to be in "clear error," nor any legal conclusion to be "contrary to law." Perry v. Schwarzenegger, 268 F.R.D. 344, 348 (N.D. Cal. 2010). Therefore, the Court adopts the Report and Recommendation's finding as to these claims.

### iv. *Plaintiff's fifth cause of action – conspiracy and retaliation.*

Plaintiff objects to the dismissal with prejudice of her retaliation claim under 42 U.S.C. § 12203(a). The Report and Recommendation found that ADA retaliation claims only apply in an employment setting. The Court disagrees.

1    The ADA prohibits discrimination against individuals with disabilities. See 42 U.S.C. §§ 12101, *et seq*. Title I of the ADA prohibits discrimination in employment. See 42 U.S.C. §§ 12111, *et seq*. Title II prohibits discrimination in the provision of services and programs by a public entity, and the provision of transportation to the general public. See 42 U.S.C. §§ 12131, *et seq*. Title III prohibits discrimination in public accommodations. See 42 U.S.C. §§ 12181, *et seq*. Section 12203, under Title V of the ADA, prohibits retaliation against individuals who oppose unlawful acts under the ADA. See Louie v. Carichoff, No. S-05-0984 DFL DAD PS, 2006 WL 662742, at 2 (E.D. Cal. Mar. 16, 2006). Specifically, the ADA states that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter[.]" 42 U.S.C. § 12203(a).

Where § 12203(a) broadly prohibits retaliation by a "person," "[§] 12203(c) outlines the remedies available to an aggrieved person complaining of retaliation by referring that individual to the remedial sections of the appropriate chapter." Stern v. Cal. State Archives, 982 F.Supp.690, 693 (C.D. Cal. 1997). Plaintiff's proposed amended complaint does not specify the section of the ADA under which she asserts this retaliation claim. It cannot be Title I, which concerns employment. Instead, the appropriate chapter, as the Report and Recommendation found, is the "public accommodation" chapter—i.e., Title III of the ADA. See 42 U.S.C. § 12203(c); see also Stern, 982 F.Supp.690 at 693 ("An aggrieved party who complains that a 'person' retaliated against him or her in the context of public accommodation is referred to Section 12188."). Therefore, the Court finds that ADA retaliation claims are not restricted to an employment setting—i.e., Title I of the ADA. See T.B. v. San Diego Unified Sch. Dist., 806 F.3d 451, 473 (9th Cir. 2015) ("Although each of these cases involved retaliation relating to employment discrimination under Title I rather than discrimination in public services under Title II, the ADA's retaliation provision applies to both titles."). Since Plaintiff could be asserting the Title V retaliation claim based on Defendants' violations of Title III of the ADA, the Court denies the recommendation to dismiss this claim with prejudice.

Accordingly, the Court turns to the sufficiency her allegations. To establish a *prima facie* case of retaliation under the ADA, a plaintiff must show that: "(1) he or she engaged in a protected

1  activity; (2) suffered an adverse . . . action; and (3) there was a causal link between the two." Pardi
2  v. Kaiser Permanente Hosp., 389 F.3d 840, 849 (9th Cir. 2004) (citing Brown v. City of Tucson,
3  336 F.3d 1181, 1186–87 (9th Cir. 2003)). The Court finds that Plaintiff's proposed amended
4  complaint adequately states a retaliation claim against Defendants LVC and MEC.

5        Plaintiff alleges that Defendants retaliated against her by removing her from LVC's nursing
6  program as a result of her actions in reporting disability discrimination against them. Her
7  allegations meet the pleading standard for the elements above. First, her filing of a disability
8  grievance constitutes protected activity. See, e.g., McAlindin v. Cnty. of San Diego, 192 F.3d
9  1226, 1238 (9th Cir. 1999) (holding that "vigorously asserting [one's] rights" under the ADA and
10 other state and federal discrimination laws constitutes protected activity). Second, LVC's
11 expulsion of Plaintiff reasonably constitutes an adverse action. See, e.g., Burlington N. & Santa
12 Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (holding that an adverse action is an act that likely
13 would have dissuaded a person from making a complaint). Lastly, she facially establishes a causal
14 link, given that she alleges she filed a grievance in February 2022 and was removed from the
15 nursing program in August 2022. See Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001)
16 (holding that "temporal proximity must be very close" to establish *prima facie* causation in a
17 retaliation claim). Accordingly, the Court finds that Plaintiff may state an ADA retaliation claim
18 against LVC and MEC.

19       The Court further dismisses without prejudice the Individual Defendants from this claim.
20 As the Report and Recommendation found, Plaintiff has failed to plead sufficient facts to support
21 a claim that the Individual Defendants "qualify as operators who made policy decisions and
22 directed others to implement such policies" under Title III of the ADA.

23       Finally, Plaintiff does not object to dismissal of her conspiracy claim under 18 USC § 241,
24 and the Court adopts the Report and Recommendation's dismissal of this claim with prejudice.

25       **v.   *Plaintiff's seventh cause of action - Nevada contract claims.***

26       Finally, Plaintiff objects to the dismissal of her contractual interference claim. The Report
27 and Recommendation dismissed LVC with prejudice and the rest of the Defendants without
28 prejudice. First, the Court finds that LVC was correctly dismissed with prejudice, for a defendant's

1    interference with their own contract with a plaintiff "is not a tort." Bartsas Realty v. Nash, 402
2    P.2d 650, 651 (Nev. 1965). As to the remaining Defendants, the Court finds that Plaintiff fails to
3    plead the requisite elements of this claim. See Sutherland v. Gross, 772 P.2d 1287, 1290 (Nev.
4    1989) (listing the elements of an interference with contractual relations claim). Simply put,
5    Plaintiff has not plead facts, beyond conclusory statements, that show the Individual Defendants,
6    along with MEC, knew that a contract existed, engaged in specific acts intended to interfere with
7    the performance of the contract, and that the contract was disrupted as a result of the specific
8    actions of these Defendants. The Court thus adopts the Report and Recommendation's findings on
9    this claim.

10   Plaintiff also objects to the Report and Recommendation's findings as to her interference
11   with a prospective economic advantage claim. She states that her claim "should be dismissed
12   without prejudice and allowed inclusion" in her amended complaint. However, in her order, Judge
13   Youchah already dismissed the claim without prejudice and with explicit leave to amend.
14   Regardless, the Court affirms the Magistrate's finding that Plaintiff's factual allegations fail to
15   support the first element of this claim. See Leavitt v. Leisure Sports Incorporation, 734 P.2d 1221,
16   1225 (Nev. 1987) (listing the elements of an interference with prospective economic advantage
17   claim). Plaintiff has not pleaded any facts that demonstrate there was a "prospective contractual
18   relationship between the plaintiff and a third party." Id. The only contractual relationship Plaintiff
19   alleges is her accommodation agreement with the school. The Court, in concurrence with the
20   Report and Recommendation, therefore dismisses this claim without prejudice.

21         **vi.   *Plaintiff's requests.***

22   Finally, in her objection, Plaintiff respectfully seeks guidance from this Court as to whether
23   she might bring certain claims. The Court declines to provide legal assistance or advise parties.
24   The Court does, however, provide *pro se* litigants a statement of the complaint's deficiencies to
25   ensure effective opportunities for amendment. See generally Eldridge v. Block, 832 F.2d 1132,
26   1135–36 (9th Cir. 1987). Here, the Court has identified which of Plaintiff's claims fail as a matter
27   of law and given Plaintiff an opportunity to amend those claims that might be sufficiently pleaded
28   with the requisite facts.

In conclusion, the Report and Recommendation is adopted in part. Plaintiff's Motion to Amend is denied as to the following claims, which are dismissed with prejudice: (1) Plaintiff's claims under Title II of the ADA (42 U.S.C. § 12132); (2) Plaintiff's Section 504 Rehabilitation Act claims against all Individual Defendants; (3) Plaintiff's claim under Section 508 of the Rehabilitation Act; (4) Plaintiff's Fifth Amendment claim; (5) Plaintiff's claim for document fraud; (6) Plaintiff's conspiracy claim; and (7) Plaintiff's intentional interference with contractual relations claim as asserted against Las Vegas College. However, Plaintiff's retaliation claim under 42 U.S.C. § 12203 may proceed.

### B. Amended Complaint and Motion to Dismiss

On January 21, 2025, Plaintiff filed an amended complaint. On February 18, 2025, Defendants filed a motion to dismiss. Defendant Mikhail argues that he should be dismissed with prejudice from this case. Defendant Las Vegas College and Mikhail Education Corporation dispute several of her causes of action. The Court considers these causes of action in turn.

#### i. *First cause of action – Rehabilitation Act § 504.*

In her amended complaint, Plaintiff's first cause of action is for violations of Section 504 of the Rehabilitation Act. To state a Section 504 Rehabilitation Act claim, Plaintiff must allege that she: (1) is an individual with a disability; (2) is otherwise qualified to receive the benefit; (3) was denied the benefits of the program solely by reason of her disability; and (4) the program receives federal financial assistance. See Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001).

Defendants LVC and MEC state that they believe Plaintiff has sufficiently pled this cause of action. Defendant Mikhail seeks dismissal of this claim against him. As stated above, the Court has affirmed the Report and Recommendation's finding that the Section 504 claim should be dismissed as against the Individual Defendants. See supra Part IV.A.ii. The majority of federal courts have held that Rehabilitation Act liability is limited to a "program or activity" that receives federal funding. See Garcia v. S.U.N.Y. Health Scis. Ctr., 280 F.3d 98, 107 (2nd Cir. 2001); Silk v. City of Chi., 194 F.3d 788, 797 n.5 (7th Cir. 1999); Hiler v. Brown, 177 F.3d 542, 546–47 (6th Cir. 1999). Numerous district courts in this circuit have held that a defendant cannot be liable in

their individual capacity for a claim brought pursuant to Section 504 of the Rehabilitation Act. See, e.g., Ricks v. Matayoshi, No. CV 16-00044 HG-KSC, 2017 WL 1025170, at 9 (D. Haw. Mar. 16, 2017), aff'd sub nom. Ricks v. Dep't of Educ., 752 Fed.Appx. 518 (9th Cir. 2019) (unpublished disposition); Parenteau v. Prescott Unified Sch. Dist., No. CV 07-8072-PCT-NVW, 2009 WL 536668, at 6 (D. Ariz. Mar. 4, 2009). Therefore, once again, this claim is dismissed as against Defendant Mikhail.

Additionally, the Defendants seek to dismiss Plaintiff's request for punitive and exemplary damages. "Punitive damages are not available as a remedy for violations of Rehabilitation Act § 504." Mark H. v. Hamamoto, 620 F.3d 1090, 1097 n.7 (9th Cir. 2010). Therefore, the Court grants the motion to dismiss this claim against Defendant Mikhail and to dismiss the request for punitive damages.

### ii. *Second cause of action – Title VI of the Civil Rights Act.*

In the second cause of action of the Amended Complaint, Plaintiff alleges violations of Title VI of the Civil Rights Act. Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. For Title VI to apply to Defendants, Plaintiff must demonstrate that they are "receiving federal financial assistance." See U.S. Dep't of Transp. v. Paralyzed Veterans of Am., 477 U.S. 597, 605 (1986).

Defendants LVC and MEC state that they believe Plaintiff has sufficiently pled this cause of action. Defendant Mikhail seeks dismissal of this claim against him. "[I]ndividual defendants cannot be sued under Title VI[.]" Smith v. Underhill, No. 03:05CV 0176 LRH LRL, 2006 WL 383519, at 2 (D. Nev. Feb. 17, 2006). Therefore, this claim is dismissed against Defendant Mikhail. All Defendants seek to dismiss her request for punitive damages for this claim. The Supreme Court has held that "punitive damages may not be awarded in private suits brought under Title VI[.]" Barnes v. Gorman, 536 U.S. 181, 189 (2002). Therefore, Plaintiff's claim for punitive damages is denied.

                iii.   *Third cause of action – Title VI of the Civil Rights Act.*

Plaintiff alleges additional facts in support of a violation of Title VI. Defendants request that the Court strike the heading "Third Claim for Relief." Since this cause of action is duplicative of her second cause of action, the Court strikes the heading denoting this section as a separate claim.

                iv.   *Fourth cause of action – Title VI of the Civil Rights Act and intentional infliction of emotional distress.*

In this cause of action, Plaintiff again alleges a Title VI claim and a claim for intentional infliction of emotional distress. Defendants seek the dismissal of both claims with prejudice. The Court finds that her claim for a Title VI violation is duplicative of her prior claims and dismisses it with prejudice.

To state a claim for intentional infliction of emotional distress under Nevada law, a plaintiff must allege "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress, and (3) actual or proximate causation." Welder v. Univ. of S. Nev., 833 F.Supp.2d 1240, 1245 (D. Nev. 2011) (quoting Dillard Dep't Stores, Inc. v. Beckwith, 989 P.2d 882, 886 (Nev. 1999)). "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." Maduike v. Agency Rent-A-Car, 953 P.2d 24, 26 (Nev. 1998) (internal quotations omitted). When considering whether a plaintiff has sufficiently stated a claim upon which relief can be granted, "[t]he court determines whether the defendant's conduct may be regarded as extreme and outrageous so as to permit recovery, but, where reasonable people may differ, the jury [must determine] whether the conduct was extreme and outrageous enough to result in liability." Id. at 1121.

In the instant case, Plaintiff's conclusory allegations, which simply restate the elements of a claim for intentional infliction of emotional distress, do not state such a claim. She "does not specifically identify any behavior that was extreme or outrageous." Connor v. Quest Diagnostics, Inc., 298 Fed.Appx. 564, 566 (9th Cir. 2008). Instead, she generally details that she felt mistreated by Defendants but "does not offer any facts or evidence to support these characterizations" to

sufficiently state a claim for IIED. See id.; cf. Branda v. Sanford, 637 P.2d 1233, 1226–27 (Nev. 1981) (finding plaintiff stated a claim for intentional infliction of emotional distress where the plaintiff alleged that the defendant screamed profanities at her); McGrath v. Nev. Dep't of Pub. Safety, No. 3:07CV00292LRH-VPC, 2008 U.S. Dist. LEXIS 38814, at 11 (D. Nev. Apr. 30, 2008) (finding plaintiff stated a claim for intentional infliction of emotional distress where the plaintiff alleged that she was subjected to repeated verbal abuse by her supervisor). Even if the Court were to consider her generalized statements as extreme or outrageous conduct, Plaintiff has failed to allege that she suffered any severe or emotional distress as a result of that conduct. Further, the Court finds that amendment of this claim would be futile, particularly since Plaintiff has already been given leave to amend once before. Therefore, the Motion to Dismiss is granted as to the intentional infliction of emotional distress claim and it is dismissed with prejudice.

> **v.   *Fifth cause of action – wrongful termination, IIED, tortious interference with a contract, and tortious interference with prospective economic advantage.***

Plaintiff labels an amalgamation of several claims as her fifth cause of action. First, Plaintiff alleges wrongful termination in violation of Title VI and Section 504 of the Rehabilitation Act. However, Plaintiff has already alleged Title VI and Section 504 claims. To the extent that this claim is different in that it concerns "wrongful termination," Plaintiff was never employed by Defendants. Therefore, Plaintiff's "wrongful termination" claim is dismissed with prejudice. The Court has also dismissed Plaintiff's claim for IIED.

"To establish intentional interference with contractual relations, the plaintiff must show: (1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage." Sutherland v. Gross, 772 P.2d 1287, 1290 (Nev. 1989). Plaintiff identifies a contract between herself and Defendant Las Vegas College. But she fails to plead that: Defendants were aware of this contract; Defendants took actions intending to interfere with the contract; the contract was disrupted as a result of Defendants' actions; and that she suffered damage. Plaintiff has already been given leave to amend and has failed to allege further facts to support such a claim. The Court dismisses this claim with prejudice and grants the motion to

dismiss this claim.

To make out a prima facie claim of interference with prospective economic advantage, a Plaintiff must plead: "(1) a prospective contractual relationship between the plaintiff and a third party; (2) the defendant's knowledge of this prospective relationship; (3) the intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and, (5) actual harm to the plaintiff as a result of the defendant's conduct. Consol. Generator-Nev., Inc. v. Cummins Engine Co., 971 P.2d 1251, 1255 (Nev. 1998) (quoting Leavitt v. Leisure Sports, Inc., 734 P.2d 1221, 1225 (Nev. 1987)). Plaintiff does not allege any prospective contractual relationship between herself and a third party. Plaintiff has already been granted leave to amend this claim and failed to allege further facts to meet the elements of this claim. Therefore, the motion to dismiss this claim is granted and the claim is dismissed with prejudice.

### vi. *Sixth cause of action – retaliation under Title VI, Section 504 of the Rehabilitation Act of 1973, and IIED.*

Plaintiff alleges that Defendants violated Title VI and Section 504 of the Rehabilitation Act by tampering with her official transcript and grades because she filed disability discrimination complaints. She also alleges that this constitutes intentional infliction of emotional distress. The Court has already dismissed Plaintiff's IIED claim.

To establish a *prima facie* claim of retaliation under § 504, plaintiffs must show that: (1) they engaged in a protected activity; (2) the defendants knew they were involved in the protected activity; (3) an adverse action was taken against them; and (4) a causal connection exists between the protected activity and the adverse action. Alex G. ex rel. Dr. Steven G. v. Bd. of Trs. of Davis Joint Unified Sch. Dist., 387 F.Supp.2d 1119, 1128 (E.D. Cal. 2005). Here, Plaintiff has established a *prima facie* case of retaliation. First, Plaintiff identified protected activity she engaged in—i.e., filing a disability grievance. Plaintiff also identified several allegedly retaliatory, adverse actions taken by Defendants, such as changing her grades and terminating her from the program. Even though these allegations are weak, they are sufficient to meet Plaintiff's low *prima facie* burden. Finally, Plaintiff has established a sufficient causal connection to satisfy the *prima facie* test. Courts have generally held that causation can be inferred from timing alone where the

adverse action follows closely on the heels of the protected activity. See, e.g., Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273–74 (2001) (stating that the temporal proximity must be "very close"). Here, she filed a report in February 2022, and she was removed from the nursing program in August 2022. The Court denies Defendants' motion to dismiss this claim.

Therefore, the only claims that survive Defendants' motion to dismiss are Plaintiff's claims under Title VI and Section 504 of the Rehabilitation Act against Defendants Las Vegas College and Mikhail Education Corporation. Since the Court has dismissed all claims against Peter Mikhail, he is dismissed from this action. Finally, while the Court granted Plaintiff's Motion for Leave to File in part and allowed numerous claims to proceed, Plaintiff chose not to include several of these claims in her amended complaint. The claims not included in her amended complaint, such as claims pursuant to the ADA, are not part of this action.

### C. Motion for Summary Judgment

On February 12, 2025, Judge Youchah extended the discovery period to March 31, 2025, and the due date for dispositive motions to April 30, 2025. See ECF No. 41. Before that deadline, on March 16, Plaintiff filed a motion for summary judgment. See ECF No. 53. On March 25, Defendants filed a motion to extend time for discovery, which was granted. See ECF Nos. 57, 59. Judge Youchah extended discovery to June 29. See ECF No. 59. On April 7, Defendants responded to Plaintiff's Motion for Summary Judgment wherein they state that the Court should consider granting summary judgment for Defendants. See ECF No. 63. On April 29 and June 18, Defendants filed three Motions to Compel. See ECF Nos. 79, 105, 106. On June 23, Judge Youchah ruled on the first Motion to Compel, ordered Plaintiff to cooperate with the effort to obtain adequate responses to discovery, and extended the deadline for the completion of discovery to September 29. See ECF No. 108.

Although Rule 56 allows a party to file a motion for summary judgment "at any time," the rule also allows the court, as is just, to deny the motion or order a continuance for the opposing party to pursue discovery. See FED. R. CIV. P. 56 (Advisory Committee's Notes (2010 Amendments Subdivision (b))); see also Smith v. Jones, No. 3:20-CV-0504-MMD-CLB, 2021 WL 5968455, at 1 (D. Nev Dec. 6, 2021) ("Motions for summary judgment can be filed at any time but are often

1    denied as premature when submitted before the parties have had time to conduct at least some
2    discovery."). Here, Defendants have twice moved to extend the discovery deadline and filed
3    numerous motions to compel to seek further records as part of discovery. Judge Youchah has
4    ordered Plaintiff to comply with discovery, months after Plaintiff filed her motion for summary
5    judgment, and further extended the discovery deadline to provide adequate time to complete
6    discovery. Therefore, the Court finds that Plaintiff's motion for summary judgment is premature
7    pursuant to Rule 56(d). Therefore, the motion for summary judgment is denied without prejudice
8    to allow for the parties to complete discovery. Plaintiff may refile her motion before the dispositive
9    motion deadline on October 29, 2025.

### D. Motion for Preliminary Injunction

On May 7, 2025, Plaintiff filed a second Motion for Preliminary Injunction. See ECF No. 84. Once again, the Court finds that Plaintiff cannot meet her burden to show that she is entitled to a preliminary injunction at this time. As a threshold matter, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." See Oncology, LLC v. Queens Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficient where the preliminary injunction would grant relief of the same character as that which may be finally granted. Absent that relationship or nexus, the district court lacks authority to grant the relief requested. See id. At 636.

In the current motion, Plaintiff is seeking injunctive relief in the form of a ruling on her motion for summary judgment in her favor. She alleges Defendants tampered with evidence and are unlawfully interfering with the case. In her amended complaint, Plaintiff sought monetary damages and brought claims pursuant to Title VII, Section 504 of the Rehabilitation Act, and various state torts all concerning alleged disability discrimination. The Court finds that there is not a sufficient nexus between the claims raised in the motion for injunctive relief and those set forth in the underlying amended complaint. Additionally, the injunctive relief requested would not be of the same character as the relief sought in the underlying case. See id. The Court denies her

Motion for Preliminary Injunction without prejudice.

### V. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Report and Recommendation (ECF No. 31) is **ACCEPTED** and **ADOPTED** in part. As outlined above, the Court will not dismiss Plaintiff's ADA retaliation claim at this time.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave (ECF No. 27) is **GRANTED** in part.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 45) is **GRANTED** in part. As outlined above, the Court dismisses all of Plaintiff's claims except for those pursuant to Section 504 of the Rehabilitation Act and Title VI.

**IT IS FURTHER ORDERED** that Peter Mikhail is dismissed from this action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 53) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction (ECF No. 84) is **DENIED** without prejudice.

**DATED:** September 30, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**